**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL LLOYD WHITE, | No. 09-17657 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00953-LRH-RJJ |
| v. | |
| JIM GIBBONS, Prison Commissioner; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 20, 2011**

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Darryl Lloyd White, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001), and we affirm.

The district court properly dismissed White's claim concerning rocks in the prison yard because White failed to allege personal involvement by any served defendant in maintaining the allegedly dangerous policy. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court properly dismissed White's second-hand smoke claim because White failed to allege that any defendant had knowledge of clandestine smoking and recklessly disregarded a risk presented by such exposure. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also Jones*, 297 F.3d at 934.

The district court properly dismissed White's claim regarding inadequate clothing because White failed to allege any serious harm based on the clothing provided. *See Farmer*, 511 U.S. at 837.

The district court properly dismissed White's due process claim because White failed to allege that his property was confiscated in violation of law. *See* Nev. Rev. Stat. § 209.246 (allowing prison authorities to deduct certain monies from prisoner accounts); Nev. Rev. Stat. § 209.2475 (limiting prison authorities' ability to withdraw monies when the account balance is below a certain minimum); *cf. Vance v. Barrett*, 345 F.3d 1083, 1091 (9th Cir. 2003) ("[T]he Due Process Clause protects inmates from *unauthorized* deductions." (emphasis added)).

The district court properly dismissed White's claims concerning price-fixing with the telephone company and racial discrimination because White failed to allege involvement by any served defendant. *See Jones*, 297 F.3d at 934.

We decline to address the named defendants whom the district court dismissed from the action for failure to serve process. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not raised in the opening brief are generally waived).

White's remaining contentions are unpersuasive.

**AFFIRMED.**